1
2
3
4
5

CHRISTOPHER I. BRAIN
TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, WA 98101
Telephone: (206) 682-5600
Facsimile: (206) 682-2992
Email: cbrain@tousley.com

6   Attorneys for Defendant
    ORA Talus 90, LLC

7

8           UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF WASHINGTON
9                   AT SEATTLE

10  TALUS 7 & 8 INVESTMENT, LLC,          USDC Case No.

11              Plaintiff,

12      v.                                 Superior Court Case No. 16-2-22450-4 SEA

13  ORA TALUS 90, LLC,                    NOTICE OF REMOVAL

14              Defendant.                 [No Hearing Scheduled]

15

16

17  TO THE CLERK OF THE ABOVE-ENTITLED COURT:

18          PLEASE TAKE NOTICE that pursuant to 28 U.S.C. § 1441(b) defendant ORA Talus 90,

19  LLC ("ORA Talus") hereby removes this action from the Superior Court of the State of

20  Washington for the County of King to the United States District Court for the Western District

21  of Washington.  In support of this Notice of Removal, ORA Talus alleges as follows:

22          1.      This civil action was instituted by plaintiff Talus 7 & 8 Investment, LLC ("Talus

23  7 & 8") by the filing of a complaint (the "Complaint") on or about September 19, 2016, in the

24  Superior Court of the State of Washington for the County of King (Case No. 16-2-22450-4 SEA).

25  A true and correct copy of the Complaint is annexed hereto as Exhibit A.

26

27

NOTICE OF REMOVAL - 1

2.      The only actual named defendant in this action is defendant ORA Talus.

3.      The first date upon which defendant ORA Talus received a copy of the Complaint was September 22, 2016, when ORA Talus's counsel obtained a copy of the Complaint from the filings with the King County Clerk's Office.

4.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2) and is one which may be  removed to this Court by defendant ORA Talus pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different States and the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs in that the relief sought in the Complaint will cause defendant ORA Talus to incur damages in excess of $1 million for which it will seek relief by way of counterclaim and, although the Complaint does not allege damages in a specific dollar amount, it does allege that the alleged contract breach "will result in significant monetary damage." (Complaint Par. 3.8).

5.      Complete diversity of citizenship exists in that plaintiff Talus 7 & 8 is a limited liability company organized under the laws of the State of Washington and its members are citizens of the State of Washington and defendant ORA Talus is a limited liability company organized under the laws of the State of Delaware and its members are citizens of Delaware, California or Maryland.

6.      Venue in the Western District of Washington is proper in that the action was filed in the County of King, State of Washington which is encompassed in the Western District of Washington.

7.      This Notice of Removal has been timely filed pursuant to 28 U.S.C. § 1441(b).

8.      There is no other defendant who has been named or served who is required to join in this Notice of Removal.

9.      Defendant ORA Talus reserves all of its defenses to this action.

NOTICE OF REMOVAL - 2

10.     A copy of all process, complaint, summons, case schedule and all other pleadings obtained by defendant ORA Talus as of the date of this Notice have been attached hereto as Exhibit A.

11.     In compliance with 28 U.S.C. § 1446(d), notice of the filing of this Notice of Removal will be served promptly on all adverse parties in this action.

12.     In compliance with 28 U.S.C. 21 1446(d), a copy of this Notice of Removal will be filed promptly with the Superior Court of the State of Washington for the County of King.

DATED this 22nd day of September, 2016.

TOUSLEY BRAIN STEPHENS PLLC

By:_____
Christopher I. Brain, WSBA #5054
cbrain@tousley.com
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
Telephone:  206.682.5600
Fax: 206.682.2992

*Attorneys for Defendant, ORA Talus 90, LLC*

NOTICE OF REMOVAL - 3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

DATED at Seattle, Washington, this 22nd day of September, 2016.

_____
Christopher I. Brain, WSBA #5054
cbrain@tousley.com
Attorneys for Defendant, ORA Talus 90, LLC
TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
Tel:     206.682.5600
Fax:     206.682.2992

6180/001/357641.1

NOTICE OF REMOVAL - 4

# EXHIBIT No. 1

FILED

16 SEP 19 AM 11:09

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 16-2-22450-4 SEA

1
2
3
4
5
6

SUPERIOR COURT FOR THE STATE OF WASHINGTON
IN THE COUNTY OF KING

7
8

| | |
|---|---|
| TALUS 7 & 8 INVESTMENT, LLC, a Washington limited liability company, | NO. |
| Plaintiff, | COMPLAINT FOR DECLARATORY RELIEF AND BREACH |
| v. | |
| ORA Talus 90, LLC, a Washington limited liability company, | |
| Defendant. | |

14      Plaintiff, through its counsel of record at Carney Badley Spellman PLLC, alleges as

15  follows:

16                          **I.      PARTIES**

17      1.1     Plaintiff, Talus 7 & 8 Investment, LLC ("Talus 7&8") is a Washington limited

18  liability company.  Talus 7&8 does business in King County and owns real property located

19  in King County, legally described as follows:

20          Revised Parcel 6C of City of Issaquah Boundary Line Adjustment
            No.   LLA-13-00004,   recorded   under   Recording   No.
21          20140409900010, in King County, Washington

22  (the "Talus 7&8 Parcel").

23      1.2     Defendant ORA Talus 90, LLC ("ORA") is a Washington limited liability

24  company doing business in King County Washington. Defendant is the owner of the real

25  property located in King County, legally described as follows:

26

COMPLAINT FOR DECLARATORY RELIEF AND BREACH – 1

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

Revised Parcel 9 of City of Issaquah Boundary Line Adjustment No. LLA-13-00004, recorded under Recording No. 20140409900010, in King County, Washington

(the "ORA Parcel").

## II.    JURISDICTION AND VENUE

2.1    This Court has personal and subject matter jurisdiction over the parties hereto and King County Superior Court is the proper venue for this action.

## III    FACTS

3.1    On or about August 7, 2015, ORA, as Grantor, granted a Construction and Utility Easement to Talus 7&8, as Grantee, for the construction and maintenance of a new water line that was to serve both the Talus 7&8 Parcel and the ORA Parcel (the "Easement").

3.2    The Easement was recorded on September 22, 2015 under King County Recording No. 20150922000021.  Specifically, under the terms of the Easement, ORA granted Talus 7&8 a temporary non-exclusive easement for the installation and construction of water system improvements on, over, across and under the ORA Parcel, which is to expire 12 months after the date of the recording of the Easement.  The Easement also provides Talus 7&8 with ingress and egress for purposes of maintenance and repairs to the improvements, that ORA may continue to use the ORA Parcel for all purposes which will not interfere with the exercise of the rights granted to Talus 7&8, and that upon completion of the water system improvements, ORA is to dedicate the improvements to the City of Issaquah.  A copy of the Easement is attached here as **Exhibit A**.

3.3    For reasons unrelated to the Easement, the City of Issaquah issued a Stop Work Order that prevented work from being performed on the ORA Parcel.

3.4    In August of 2016, the City of Issaquah was poised to issue a permit for the construction of the water system improvements to Talus 7&8's contractor and to lift the Stop Work Order so that the construction of the water system improvements could proceed.

COMPLAINT FOR DECLARATORY RELIEF AND BREACH – 2

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

TAL008-0003 4141391.docx

3.5     By letter dated August 19, 2016, ORA's legal counsel informed the City of Issaquah that Talus 7&8 and its contractor are not authorized to proceed with site work, i.e. the construction of the water system improvements, and instructed the City of Issaquah to take no action to lift the Stop Work Order or otherwise consent to any work at the ORA Parcel until advised by ORA.  ORA provided no basis for its claim that Talus 7&8 and its contractor are not authorized to proceed with water system improvements work.

3.6     On August 22, 2016, the City of Issaquah informed Talus 7&8 and its contractor that, because of the August 19, 2016 letter from ORA's counsel, the City of Issaquah will not be modifying the Stop Work Order and that "[u]ntill this issue is resolved with the ownership group of [the ORA Parcel] the Stop Work Order will remain and no further work shall commence on [the ORA Parcel].

3.7     By letter dated August 25, 2016, Talus 7&8 informed the City of Issaquah that it has been ready to proceed with the construction of the water system improvements for more than a week and that any further delay in the work will cause Talus 7&8 to run out of time under the Easement and result in significant monetary damages.

3.8     By letter dated September 2, 2016, Talus 7&8 notified ORA that the delay associated with its interference with the lifting of the Stop Work Order is causing Talus 7&8 to run out of time under the Easement and that the delay in the construction of the water system improvements will result in significant monetary damage as Talus 7&8 has a potential buyer of the Talus 7&8 Parcel.  A copy of the Talus 7&8's letter to ORA is attached here as **Exhibit B**.

## IV.     FIRST CLAIM - DECLARATORY JUDGMENT

4.1     Talus 7&8 incorporates the facts as set out above.

4.2     A real and justiciable dispute exists by and between the parties with respect to Talus 7&8's rights to construct the water system improvements under the terms of the Easement.

COMPLAINT FOR DECLARATORY RELIEF AND BREACH – 3

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

TAL008-0003 4141391.docx

4.3     Talus 7&8 is entitled to a declaratory judgment confirming its right to construct the water system improvements.

### V.     SECOND CLAIM — BREACH

5.1     Talus 7&8 incorporates the facts as set out above.

5.2     ORA's intention interference with Talus 7&8's contractual right to construct the water system improvements is a material breach of the Easement entitling Talus 7&8 to recover from ORA all of its damages resulting therefrom.

### VI.     THIRD CLAIM – INJUNCTION/SPECIFIC PERFORMANCE

6.1     Talus 7&8 incorporates the facts as set out above.

6.2     ORA has wrongfully interfered with Talus 7&8's legal right to timely access ORA's property for the purpose of constructing the water system improvements as provided in the Easement and, as a result,  Talus 7&8's legal rights are in danger of being irreparably damaged.

### VII.     RELIEF REQUESTED

Having set froth the basis of its claims, Talus 7&8 requests the following relief:

A.     That the Court enters a declaratory judgment confirming Talus 7&8's rights under the Easements;

B.     That the Court finds that ORA is in breach of the Easement by intentionally interfering with  Talus 7&8's contractual right to construct the water system improvements;

C.     That ORA is enjoined from interfering with Talus 7&8's rights under the Easement and the Court direct the specific performance of the Easement such that ORA is prevented from interfering with Talus 7&8's legal rights to construct the water system improvements on, over, across and under the ORA Parcel.

D.     That the Court exercise its equitable powers and extend the deadline for the temporary construction easement and/or, in the alternative, impose a constructive easement to allow for the construction of the water system improvements.

COMPLAINT FOR DECLARATORY RELIEF AND BREACH – 4

1

2

     E.     That Talus 7&8 is awarded its statutory attorney's fees and costs and any

damages associated with the breach of the Easement including but not limited to redesign of

3

the water system improvements; and

4

     F.     For such further relief as may be proven at the time of trial.

5

6

     DATED this _____ day of September, 2016.

7

8

                     CARNEY BADLEY SPELLMAN, P.S.

9

10

11

               By _____

                 John C. Dippold, WSBA No. 25658

12

                 John R. Welch, WSBA No. 26649

               Attorneys for Plaintiff, Talus 7 & 8 Investment, LLC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

COMPLAINT FOR DECLARATORY RELIEF AND BREACH – 5

TAL008-0003 4141391.docx

*Talus 7&8 Investment, LLC v. ORA Talus 90, LLC*
Complaint for Declaratory Relief and Breach

# Exhibit A

**WHEN RECORDED RETURN TO:**

City of Issaquah
1775 12ᵀᴴ Avenue NW
P.O. Box 1307
Issaquah, WA 98027

**Attn: Permit Department**

```
2015092200021
ORA                    EAS          77.00
PAGE-001 OF 006
09/22/2015 09:01
KING COUNTY, WA
```

EXCISE TAX NOT REQUIRED

King Co. Records Division

By_____, Deputy

**Name of Document:** Construction and Utility Easement

**Grantor:**    ORA Talus 90, LLC

**Grantee:**    Talus 7 & 8 Investment, LLC

**Abbreviated Legal Description:**    Revised Parcel 9, Issaquah BLA No. LLA13-00004

**Full Legal Description:** See attached Exhibit A

**Assessor's Tax Parcel Number(s):**    856273-0090-06

**Reference Number of Documents Released or Assigned:** N/A

### CONSTRUCTION AND UTILITY EASEMENT

This Construction and Utility Easement ("Agreement") is made as of August 7th, 2015, by between Talus 7 & 8 Investment, LLC    ("Grantee"), and ORA Talus 90, LLC ("Grantor").

1.    <u>Background</u>.    Grantor owns the property legally described on attached Exhibit A hereto (the "Grantor's Property"). Grantee owns the property legally described on attached Exhibit B hereto (the "Grantee's Property"). For valuable consideration, the receipt of which is acknowledged, Grantor wishes to grant to Grantee a temporary easement for access and construction purposes, and a perpetual easement for utility purposes, on the terms set forth below on the Grantor's Property.

2.    <u>Grant of Easements</u>.    Grantor hereby grants to Grantee, its contractors, agents, and their successors and assigns, a temporary, non-exclusive easement for the installation and construction of water system improvements on, over, across and under the Grantor's Property. This temporary easement shall expire 12 months after the date of

construction easement

recording this Agreement.  Grantor also hereby grants to Grantee, its contractors, agents and their successors and assigns, a perpetual, nonexclusive easement for the operation, maintenance, repair and removal of water system improvements on, over, across and under the Grantor's Property.

The easements granted under this Agreement also include the limited right of ingress to and egress from and across the Grantor's Property, to the extent necessary to install, construct, operate, maintain, repair and remove any water system improvements constructed by or at the request of Grantee within the Grantor's Property.

3.      Use and Maintenance of Grantor's Property.  Grantor may continue to use the Grantor's Property for all purposes which will not interfere with the exercise of the rights granted to Grantee hereunder.  Grantor agrees not to construct any improvements or plant any shrubs or trees over the area where the water system improvements are located.  Grantee shall promptly restore to their prior condition any improvements or vegetation or landscaping of Grantor which is disturbed or altered by Grantee in the exercise of Grantee's rights hereunder.  Upon completion of the water system improvements, Grantor will dedicate the improvements to the City of Issaquah.

4.      Repair.  Grantor shall repair any damage to any water system improvements which are caused by the acts or omissions of Grantor or its agents or contractors.

5.      Indemnity.  Grantee shall indemnify, defend and hold Grantor harmless from any liability, loss, claim and expense (including reasonable attorneys' fees) asserted against or incurred by Grantor as a result of the acts or omissions of Grantee or its agents or contractors in the use and exercise of Grantee's rights hereunder.  This paragraph shall not apply to any liability, loss, claim or expense (including reasonable attorneys' fees) caused by or resulting from the acts or omissions of Grantor or its agents or contractors.

6.      Successors and Assigns.  This Agreement runs with the land and all terms, covenants and conditions hereof shall extend to the benefit of and be binding upon, the successive successors, heirs and assigns of the parties hereto.

GRANTOR:                                    GRANTEE:

ORA Talus 90, LLC                           Talus 7 & 8 Investment LLC

By _____                      By _____

Its PRESIDENT                               Its MEMBER

construction easement

# ACKNOWLEDGMENT

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of _____ San Diego _____)

On _____ September 14, 2015 _____ before me, __ L. Eyler, Notary Public _____
(insert name and title of the officer)

personally appeared ____ R. Kent Grahl _____,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____   (Seal)

L. EYLER
Commission No. 2070109
NOTARY PUBLIC - CALIFORNIA
SAN DIEGO COUNTY
Commission Expires June 1, 2018

STATE OF WASHINGTON      )
                                   ) ss.
COUNTY OF    KING      )

      On this 25th day of August, 2015, before me, the undersigned, a Notary Public in and for the State of Washington, duly commissioned and sworn personally appeared Daniel M Hayes, known to me to be the Member of Talus 7 & 8 Investment, LLC, the limited liability company that executed the foregoing instrument, and acknowledged the said instrument to be the free and voluntary act and deed of said limited liability company, for the purposes therein mentioned, and on oath stated that he/she was authorized to execute said instrument.

      I certify that I know or have satisfactory evidence that the person appearing before me and making this acknowledgment is the person whose true signature appears on this document.

      WITNESS my hand and official seal hereto affixed the day and year in the certificate above written.

<div style="text-align:right">

_____
Signature

Mellissa Gallagher_____
Print Name
NOTARY PUBLIC in and for the State of
Washington, residing at <u>Maple Valley</u>    .
My commission expires <u>02-26-2017</u>   .

</div>

> MELLISSA GALLAGHER
> STATE OF WASHINGTON
> **NOTARY PUBLIC**
> MY COMMISSION EXPIRES
> 02-26-17

construction easement

**EXHIBIT A**

LEGAL DESCRIPTION OF GRANTOR'S PROPERTY

Revised Parcel 9 of City of Issaquah Boundary Line Adjustment No. LLA-13-00004, recorded under Recording No. 20140409900010, in King County, Washington.

construction easement

## EXHIBIT B

### LEGAL DESCRIPTION OF GRANTEE'S PROPERTY

Revised Parcel 6C of City of Issaquah Boundary Line Adjustment No. LLA-13-00004, recorded under Recording No. 20140409900010, in King County, Washington.

construction easement

*Talus 7&8 Investment, LLC v. ORA Talus 90, LLC*
Complaint for Declaratory Relief and Breach

# Exhibit B

| CARNEY | Law Offices |
|---|---|
| BADLEY | A Professional Service Corporation |
| SPELLMAN | 701 Fifth Avenue, Suite 3600 |
| | Seattle, Washington 98104-7010 |
| | T (206) 622-8020 |
| | F (206) 467-8215 |
| John C. Dippold | D (206) 607-4127 |
| Attorney | Email: dippoldj@carneylaw.com |

September 2, 2016

**VIA EMAIL and U.S. MAIL**

Christopher I. Brain
Tousley Brain Stephens PLLC
1700 Seventh Avenue, Suite 2200
Seattle, WA  98101
cbrain@tousley.com

Re:     **Revised Talus Parcel 9, Issaquah, Washington**

Dear Chris:

I represent Talus 7&8 Investment, LLC ("Talus 7&8") who owns the neighboring property to your client ORA Talus 90, LLC ("ORA"). I am in receipt of your letter dated August 19, 2016 to Mr. Keith Niven, Director of Development Services for the City of Issaquah. According to your letter, you were directing the City to "not take any action to lift the stop work order or otherwise consent to any work at the project site until further advised by ORA Talus." Talus 7&8 takes strong exception to this statement which is clearly inconsistent with the language of an easement signed by both ORA and Talus 7&8.

On August 7, 2015, ORA and Talus 7&8 signed an easement providing that Talus 7&8 has the right to install, construct and maintain water system improvements on, over, across and under ORA's property (*See* attachment). ORA may continue use of its property provided it "will not interfere with the exercise of the rights granted to Grantee hereunder." Consequently, ORA does not have the authority to interfere with or prohibit Talus 7&8 from construction of the water system improvements. It is important to note, **the easement as it relates to construction, expires on September 22, 2016. Time is of the essence for this work to be completed, yet you are attempting to prohibit my client from constructing the water system and cause the easement to expire.**

Prior to ORA's letter dated August 19, 2016, it is my understanding that the City was going to issue the permit for installing the water system. The City approved the plans on July 15, 2016. On August 9, 2016, the City provided authorization to proceed with the wall construction. On August 12th, the City issued the approved drawings for all utility work and indicated that they were issuing a partial release to lift the Stop Work Order for the waterline installation. Based on your letter, however, the City has responded, "Until this issue is resolved with the ownership group of Talus Parcel 9 the Stop Work Order will remain and no further work shall commence on Talus Parcel 9." Today, the City further provided that, "Since the property owner is disputing the validity of the easement rights" the City's legal counsel advised the City to "refrain from issuing any permits or lifting the Stop Work Order until the dispute has been resolved." It is important to note, the permit

Christopher Brain
September 2, 2016
Page 2

was going to be issued since the water system improvement work is completely independent of any slide remedial work.

ORA takes the position that it needs to retain an independent consultant to advise as to the best way to proceed. This position is meritless and purely asserted to have the easement expire. The slide occurred almost ten months ago. My client has a contractual right under the easement to construct the water system improvements and said work has nothing to do with the slide repair.

The delays associated with the Stop Work Order is causing my client to run out of time under the easement. I am providing you notice that any further delay will cause my client **significant** monetary damage as Talus 7&8 has a potential buyer for the property. We will be looking to ORA to recover any damages. My client requests that you immediately notify the City to lift the Stop Work Order as it relates to construction of the water system improvements.

Very truly yours,

CARNEY BADLEY SPELLMAN, P.S.

John C. Dippold

Enclosure

cc: Daniel M. Hayes
    Darren Peugh

FILED

16 SEP 19 AM 11:09

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 16-2-22450-4 SEA

SUPERIOR COURT FOR THE STATE OF WASHINGTON
IN THE COUNTY OF KING

| | |
|---|---|
| TALUS 7 & 8 INVESTMENT, LLC, a Washington limited liability company, | NO. |
| Plaintiff, | SUMMONS |
| v. | |
| ORA Talus 90, LLC, a Washington limited liability company, | |
| Defendant. | |

TO:        Defendant(s) above-named

A lawsuit has been started against you in the above-entitled Court by the plaintiff. Plaintiff's claim is stated in the written complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the person signing this summons within 20 days after the service of this summons, excluding of the day of service, if served within the State of Washington and within 60 days after service of this summons, excluding of the day of service, if served out of the State of Washington, or a default judgment may be entered against you without notice. A default judgment is one where plaintiff is entitled to what he asks for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

SUMMONS – 1

TAL008-0003 4152570.docx

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

You may demand that the plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this summons. Within 14 days after you serve the demand, the plaintiff must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.


DATED this 9th day of September, 2016.

CARNEY BADLEY SPELLMAN, P.S.


By _____

John C. Dippold, WSBA No. 25658
John R. Welch, WSBA No. 26649
Attorneys for Plaintiff, Talus 7&8 Investment, LLC

CARNEY BADLEY SPELLMAN, P.S.
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

FILED

16 SEP 19 AM 11:09

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 16-2-22450-4 SEA

SUPERIOR COURT OF WASHINGTON
COUNTY OF KING

| | |
|---|---|
| Talus 7&8 Investment, LLC | NO.  16-2-22450-4 SEA |
| VS | |
| ORA Talus 90, LLC | CASE INFORMATION COVER SHEET AND AREA DESIGNATION |

CAUSE OF ACTION

**(COM) -**    BREACH OF CONTRACT (COM 2)

AREA DESIGNATION

**SEATTLE -**    Defined as all King County north of Interstate 90 and including all of Interstate 90 right of way, all of the cities of Seattle, Mercer Island, Issaquah, and North Bend, and all of Vashon and Maury Islands.

**FILED**

16 SEP 19 AM 11:09

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 16-2-22450-4 SEA

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| Talus 7&8 Investment, LLC<br><div align="right">Plaintiff(s),</div><br>vs.<br><br>ORA Talus 90, LLC<br><div align="right">Respondent(s)</div> | NO.    16-2-22450-4 SEA<br>ORDER SETTING CIVIL CASE SCHEDULE<br><br>ASSIGNED JUDGE:  Heller, Bruce, Dept. 52<br><br>FILED DATE:  9/19/2016<br>TRIAL DATE:  9/18/2017<br>SCOMIS CODE:  *ORSCS |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

### I. NOTICES

**NOTICE TO PLAINTIFF:**  The Plaintiff may serve a copy of this **Order Setting Case Schedule** (*Schedule*) on the Defendant(s) along with the ***Summons and Complaint/Petition.***  Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the ***Summons and Complaint/Petition*** or (2) service of the Defendant's first response to the ***Complaint/Petition***, whether that response is a ***Notice of Appearance***, a response, or a Civil Rule 12 (CR 12) motion.  The ***Schedule*** may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

<div align="center"><b>"I understand that I am required to give a copy of these documents to all parties in this case."</b></div>

| | |
|---|---|
| PRINT NAME | SIGN NAME |

## I. NOTICES  (continued)

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLCR*] -- especially those referred to in this *Schedule*. In order to comply with the *Schedule*, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery cutoff date [*See KCLCR 37(g)*].

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD PARTY COMPLAINTS:**
A filing fee of **$240** must be paid when any answer that includes additional claims is filed in an existing case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule. The court will review the confirmation of joinder document to determine if a hearing is required. If a Show Cause order is issued, all parties cited in the order must appear before their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of all parties and claims is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

 Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing  a *Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of all parties and claims  is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date**, the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

 **ARBITRATION FILING  AND TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and cross-claims have been filed. If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must pay a $220 arbitration fee**. If a party seeks a trial de novo when an arbitration award is appealed, a fee of $250 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
All parties will be assessed a fee authorized by King County Code 4A.630.020 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements and/or Local Civil Rule 41.

**King County Local Rules are available for viewing at www.kingcounty.gov/courts/clerk.**

## II. CASE SCHEDULE

| √ | CASE EVENTS | DATE |
|---|---|---|
| | Case Filed and Schedule Issued. | 9/19/2016 |
| √ | Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [See KCLMAR2.1(a) and Notices on page 2]. **$220 Arbitration fee must be paid** | 2/27/2017 |
| √ | **DEADLINE** to file Confirmation of Joinder if not subject to Arbitration [See KCLCR 4.2(a) and Notices on page 2] | 2/27/2017 |
| | **DEADLINE** for Hearing Motions to Change Case Assignment Area [KCLCR 82(e)] | 3/13/2017 |
| | **DEADLINE** for Disclosure of Possible Primary Witnesses [See KCLCR 26(b)] | 4/17/2017 |
| | **DEADLINE** for Disclosure of Possible Additional Witnesses [KCLCR 26(b)] | 5/30/2017 |
| | **DEADLINE** for Jury Demand [See KCLCR 38(b)(2)] | 6/12/2017 |
| | **DEADLINE** for Change in Trial Date [See KCLCR 40(e)(2)] | 6/12/2017 |
| | **DEADLINE** for Discovery Cutoff [See KCKCR 37(g)] | 7/31/2017 |
| | **DEADLINE** for Engaging in Alternative Dispute Resolution [See KCLCR16(b)] | 8/21/2017 |
| | **DEADLINE** for Exchange Witness & Exhibit Lists & Documentary Exhibits [See KCLCR 4(j)] | 8/28/2017 |
| √ | **DEADLINE** to file Joint Confirmation of Trial Readiness [See KCLCR 16(a)(1)] | 8/28/2017 |
| | **DEADLINE** for Hearing Dispositive Pretrial Motions [See KCLCR 56;CR56] | 9/5/2017 |
| √ | Joint Statement of Evidence [See KCLCR 4(k)] | 9/11/2017 |
| | **DEADLINE** for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file proposed Findings of Fact and Conclusion of Law with the Clerk) | 9/11/2017 |
| | Trial Date [See KCLCR 40] | 9/18/2017 |

The √ indicates a document that must be filed with the Superior Court Clerk's Office by the date shown.

## III. ORDER

Pursuant to King County Local Rule 4 [*KCLCR 4*], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this *Order Setting Civil Case Schedule* and attachment on all other parties.

DATED:   9/19/2016

_____
PRESIDING JUDGE

## IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE.**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule. The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:**   If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:**   Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**CASE SCHEDULE AND REQUIREMENTS:**   Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**

### A. Joint Confirmation regarding Trial Readiness Report
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g., interpreters, equipment).

The Joint Confirmation Regarding Trial Readiness form is available at www.kingcounty.gov/courts/scforms. If parties wish to request a CR 16 conference, they must contact the assigned court. Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding the report.

### B. Settlement/Mediation/ADR
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand. Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held. FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

### C. Trial
Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court. The Friday before trial, the parties should access the court's civil standby calendar on the King County Superior Court website www.kingcounty.gov/courts/superiorcourt to confirm the trial judge assignment.

## MOTIONS PROCEDURES

### A. Noting of Motions

**Dispositive Motions:**   All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge. The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules. Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Non-dispositive Motions:**   These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the

Note for Motion should state "Without Oral Argument." Local Civil Rule 7 governs these motions, which include discovery motions. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions calendar. Local Civil Rule 7 and King County Family Law Local Rules govern these procedures. The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

**Emergency Motions:** Under the court's local civil rules, emergency motions will usually be allowed only upon entry of an Order Shortening Time. However, some emergency motions may be brought in the Ex Parte and Probate Department as expressly authorized by local rule. In addition, discovery disputes may be addressed by telephone call and without written motion, if the judge approves in advance.

**B. Original Documents/Working Copies/ Filing of Documents: All original documents must be filed with the Clerk's Office.** Please see information on the Clerk's Office website at www.kingcounty.gov/courts/clerk regarding the requirement outlined in LGR 30 that attorneys must e-file documents in King County Superior Court. The exceptions to the e-filing requirement are also available on the Clerk's Office website. The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge. The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom. Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator. Working copies can be submitted through the Clerk's office E-Filing application at www.kingcounty.gov/courts/clerk/documents/eWC.

**Service of documents:** Pursuant to Local General Rule 30(b)(4)(B), e-filed documents shall be electronically served through the e-Service feature within the Clerk's eFiling application. Pre-registration to accept e-service is required. E-Service generates a record of service document that can be e-filed. Please see the Clerk's office website at www.kingcounty.gov/courts/clerk/documents/efiling regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion. **Do not file the original of the proposed order with the Clerk of the Court.** Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order. The court may distribute orders electronically. Review the judge's website for information: www.kingcounty.gov/courts/SuperiorCourt/judges.

**Presentation of Orders for Signature:** All orders must be presented to the assigned judge or to the Ex Parte and Probate Department, in accordance with Local Civil Rules 40 and 40.1. Such orders, if presented to the Ex Parte and Probate Department, shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). If the assigned judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

**Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the Ex Parte and Probate Department.** Such orders shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department. **If final order and/or formal proof are entered in the Ex Parte and Probate Department, counsel is responsible for providing the assigned judge with a copy.**

**C. Form**
Memoranda/briefs for matters heard by the assigned judge may not exceed twenty four (24) pages for dispositive motions and twelve (12) pages for non-dispositive motions, unless the assigned judge permits over-length memoranda/briefs in advance of filing. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

*IT IS SO ORDERED.  FAILURE TO COMPLY WITH THE PROVISIONS  OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS.  PLAINTIFF/PEITITONER  SHALL FORWARD A COPY OF THIS ORDER AS SOON  AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.*

**PRESIDING  JUDGE**