# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| TALUS 7 & 8 INVESTMENT, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ORA TALUS 90, LLC,<br><br>Defendant. | CASE NO. C16-1502JLR<br><br>ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION |

Before the court is Defendant ORA Talus 90, LLC's ("ORA Talus") notice of removal. (NOR (Dkt. # 3-1).) For the reasons stated below, ORA Talus's notice of removal fails to establish the existence of this court's subject matter jurisdiction. The court, therefore, ORDERS ORA Talus to show cause, within fourteen (14) days of the date of this order, why this matter should not be remanded to state court.

The court has "an ongoing obligation to be sure that jurisdiction exists." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Accordingly, the court reviews each new case before it for the existence of federal

ORDER- 1

jurisdiction. *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998) ("If a district court lacks subject matter jurisdiction over a removed action, it has the duty to remand it . . . ."). The removal statute is strictly construed, *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941), and there exists a "strong presumption against" removal jurisdiction, *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Thus, any doubt as to the right of removal is resolved in favor of remand. *Id.* In determining whether jurisdiction has been established, courts may consider facts "presented in the removal petition as well as 'any summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Matheson*, 319 F.3d at 1090 (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).

ORA Talus alleges that this court has federal diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) and that removal of the action from state to federal court is proper pursuant to 28 U.S.C. § 1441(b). (NOR ¶ 4.) In order to invoke the court's subject matter jurisdiction on removal, ORA Talus bears the burden of establishing that there is complete diversity of citizenship between itself and Plaintiff Talus 7 & 8 Investment, LLC ("Talus 7 & 8"), and that the amount in controversy exceeds the sum or value of $75,000.00. *See* 28 U.S.C. § 1332(a)(1); *see also Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1121-22 (9th Cir. 2013) ("Where . . . it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, . . . the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." (internal

citations and quotation marks omitted)); *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010) ("[I]n a case that has been removed . . . under 28 U.S.C. § 1441 on the basis of diversity jurisdiction, . . . the defendant . . . has the burden to prove, by a preponderance of the evidence, that removal is proper."). The issue before the court is whether ORA Talus has met its burden with respect to the amount in controversy.

ORA Talus alleges that the amount in controversy exceeds $75,000.00 because the relief sought in the Talus 7 & 8 complaint "will cause ORA Talus to incur damages in excess of $1 million for which [ORA Talus] will seek relief by way of counterclaim." (NOR ¶ 4.) ORA Talus also alleges that "although the Complaint does not allege damages in a specific dollar amount, it does allege that the alleged contract breach 'will result in significant monetary damage.'" (*Id.* (citing Compl. (Dkt. # 3-1 at 6-20) ¶ 3.8).) ORA Talus provides no authority supporting the notion that the court can consider the value of its potential counterclaim in calculating the amount in controversy.

The well-pleaded complaint rule governs whether a case is removable to federal court. *See, e.g.*, *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 n.2 (2002) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 10 (1983)). In *Holmes*, the Supreme Court addressed whether a counterclaim that alleged a federal question could serve as the basis for removing a case from state to federal court. *Id.* at 829-30. The Supreme Court used the test applicable to federal question jurisdiction under 28 U.S.C. § 1331, which grants district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the

United States," to determine whether the Federal Circuit had jurisdiction to hear an appeal under 28 U.S.C. § 1338(a), which grants "original jurisdiction of any civil action arising under any Act of Congress relating to patents." *Id*. The issue was whether the defendant's counterclaim could confer "arising under" jurisdiction where it was undisputed that patent law did not appear on the face of the plaintiff's complaint. *Id*. at 830. The Court held no: "a counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction." *Id*.; *see also Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 821-22 (9th Cir. 1985) (holding that a case may not be removed based on a federal question raised in the defendant's counterclaim).

Although the Supreme Court has not applied the rationale of *Holmes* to diversity cases, several lower courts have held that a counterclaim may not be used to meet the amount in controversy requirement of diversity jurisdiction on removal. *See, e.g*, *Mesa Indus., Inc. v. Eaglebrook Prods., Inc.*, 980 F. Supp. 323, 325 (D. Ariz. 1997) (collecting cases) ("The great weight of the authority favors Plaintiff's position that the amount of a counterclaim may not be considered in determining the amount in controversy."); *HSBC Bank USA, N.A. v. Bryant*, No. 09-CV-1659-IEG (POR), 2009 WL 3787195, at *4 n.5 (S.D. Cal. Nov. 10, 2009) ("[T]he court notes that the great weight of authority is against allowing the defendant's potential recovery to support diversity jurisdiction where the plaintiff's claimed damages, by themselves, are below the jurisdictional amount—at least in the context of jurisdiction upon removal.") (citing *Spectacor Mgmt. Grp. v. Brown*, 131 F.3d 120, 125 (3d Cir. 1997) (noting that the majority view appears to be "that

inclusion of counterclaims should not be permitted in the removal context"); *Rla v. Cape Cod Biolab Corp.*, No. C-01-3675 PJH, 2001 WL 1563710, at *3 (N.D. Cal. Nov. 30, 2001) (collecting cases and concluding that a "majority of courts faced with this issue in removed cases have held that the amount in controversy is to be determined solely by reference to plaintiff's complaint"); 14AA Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3706 (4th ed. 2014) (collecting cases, noting the split of authority, and stating that "the majority of the reported cases and almost all of the more recent decisions appears to deny removal")). Thus, the "near unanimous rule," in the context of cases removed to federal court on the basis of diversity jurisdiction, is that the court should not consider the amount of the removing defendant's potential recovery on a counterclaim in calculating the amount in controversy. *Bank of N.Y. Mellon v. Flores*, No. 2:12-CV-00435 KJM, 2012 WL 1981329, at *6 (E.D. Cal. June 1, 2012), report and recommendation adopted, No. CIV-S-12-0435-KJM, 2012 WL 3886097 (E.D. Cal. Sept. 6, 2012). Strict construction of the removal statute against removal provides further support for the majority rule. *Id.*; *see also Gaus*, 980 F.2d at 566 (stating that the removal statute is "strictly construe[d]" against removal jurisdiction and there is a "strong presumption" against removal).

If the court excludes ORA Talus's allegations concerning the value of its potential counterclaim, the remaining allegations are insufficient to demonstrate that the amount in controversy is satisfied for the court to exercise subject matter jurisdiction under 28 U.S.C. § 1332. ORA Talus points only to the statement in the complaint that "the alleged contract breach 'will result in significant monetary damage.'" (NOR ¶ 4 (citing Compl.

¶ 3.8).) In general, the defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *See Dart Cherokee Basin Operating Co. v. Owens*, --- U.S. ---, 135 S. Ct. 547, 553-54 (2014). ORA Talus's averment does not constitute a "plausible allegation" that the amount in controversy is met. Furthermore, if the court questions the defendant's allegation regarding the amount in controversy, the removing defendant bears the burden to demonstrate by a preponderance of the evidence that more than $75,000.00 is in controversy. *See id.* (citing 28 U.S.C. § 1446(c)(2)(B)); *Geographic Expeditions*, 599 F.3d at 1106-07 (citing *Gaus*, 980 F.2d at 566-67). Here, the court questions ORA Talus's allegations regarding the amount in controversy. Accordingly, ORA Talus must establish by a preponderance of the evidence that more than $75,000.00 is in controversy in this matter. *See Dart*, 135 S. Ct. at 553-54.

If subject matter jurisdiction is lacking, the court must remand the case. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.") Accordingly, the court ORDERS ORA Talus to SHOW CAUSE why this matter should not be remanded to state court. To do so, ORA Talus must (1) provide the court with case authority justifying its inclusion of the value of its potential counterclaim in the amount in controversy, or (2) establish by a preponderance of the evidence that Talus 7 & 8 has placed more than $75,000.00 in controversy based on the claims alleged in its complaint. ORA Talus must submit this information within fourteen (14) days of the date of this order. If ORA Talus does not timely and adequately comply with this order, the court will remand this action

to state court for lack of subject matter jurisdiction.  Talus 7 & 8 may, but is not required, to respond to the court's order within the same timeframe.  The parties shall limit their responsive memoranda to no more than 5 pages.

Dated this 19th day of October, 2016.

JAMES L. ROBART
United States District Judge